IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROGER PIPKINS,

      Plaintiff,

vs.                                                        Case No. 05-CV-1200 WLP/RLP

TA OPERATING CORPORATION AND
TRAVELCENTERS OF AMERICA, INC.
jointly, d/b/a TA TRAVELCENTERS OF
AMERICA,

      Defendants.

**Memorandum Opinion and Order
Denying Defendants' Motion to Strike Mike Jepsen, PhD.,
and
Granting Defendants' Motion to Stay Discovery
<u>Deadline for Disclosure of Rebuttal Expert.</u>**

I.     <u>Introduction</u>

      Plaintiff alleges that he fell at Defendants' travel facility, sustaining injuries to his hip and right wrist and arm, which in turn aggravated pre-existing Post Traumatic Stress Disorder ("PTSD" herein) and lung impairment. (Docket No. 1, ¶ 9; Docket No. 21, p. 2). Plaintiff identified Mike Jepsen, PhD., as a retained expert witness on psychological issues, including PTSD, and provided a letter written by Dr. Jepsen as the expert witness report required by F.R.Civ.P. 26(a)(2)(B). Defendants seek to strike Dr. Jepsen as a witness, asserting that his expert witness report fails to meet the disclosure requirements of F.R.Civ.P. 26(a)(2)(B). Specifically, Defendants contend that Dr. Jepsen's report is without sufficient detail, fails to provide the basis or reasons for the opinions stated therein, and as such amounts only to speculation. Defendants also contend that the report fails to adequately identify or explain the sources upon which he based his opinions.

      Defendants also request that their deadline for identifying a rebuttal expert on PTSD issues

be stayed until after the resolution of this motion. The original deadline of June 9, 2006 for this disclosure expired prior to the completion of briefing on this Motion. Discovery in this matter is scheduled to terminate on July 31, 2006. No trial date has been set.

II.     The Requirements of F.R.Civ.P. 26(a)(2)(B)

Rule 26(a)(2)(B) mandates that a party who seeks to introduce an expert's opinion into evidence must provide a written disclosure report to the other party that "contain[s] a complete statement of all opinions to be expressed and the basis and reasons therefor;  the data or other information considered by the witness in forming the opinions;  [and] any exhibits to be used as a summary of or support for the opinions...." *Id*. The written report should explain "how" and "why" the expert reached the opinions they intend to offer at trial. *See Reed v. Binder*, 165 F.R.D. 424, 428 n. 6 (D.N.J.1996) (an expert report should indicate " 'what' the experts say, heard, considered, read, thought about or relied upon in reaching the conclusions and opinions to be expressed")."The purpose of a detailed and complete expert report as contemplated by Rule 26(a) ... is, in part, to minimize the expense of deposing experts, and to shorten direct examination and prevent an ambush at trial," *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de P.R.*, 248 F.3d 29, 35 (1st Cir.2001) (quotation and citation omitted), and permits adequate preparation for depositions and cross-examination at trial. *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir.2002).

III.    Dr. Jepsen's Expert Witness Report

The Court agrees that Dr. Jepsen's report is extraordinarily brief. It can be outlined as follows:

    A.     Complete statement of opinions expressed and the basis and reasons for those opinions:

        1.      The emotional and physical stress from the pain of his wrist fracture aggravated Plaintiff's pre-existing PTSD symptoms.

        2.      Because of his long history of PTSD, Plaintiff is likely to respond with greater impairment to the stressor of injury than would an individual "normally constituted," who had no pre-existing mental disability.

B.    Data and other information considered:

        1.      Medical reports provided by counsel, not otherwise described or identified.

        2.      Telephone conference with Plaintiff on April 21, 2006, where in Plaintiff stated:

           a.      That he (Plaintiff) felt he had been in good control of his PTSD symptoms prior to his injury, and

           b.      That following the injury he was unable to continue attending group therapy meetings and became increasingly socially isolated and physically inactive.

(Docket No. 37, Ex. A).

IV.    Discussion

Although Dr. Jepsen's disclosure report is terse, I can not say that it is fatally inadequate. The risk of its brevity, however, shall be born by Plaintiff.

Plaintiff shall supplement the report provided by Dr. Jepson by having Dr. Jepsen identify specifically which medical records he considered in arriving at his opinions. This information shall be provided to Defendants no later than July 14, 2006. Further, the opinions Dr. Jepsen will be permitted to express at trial will be limited to those contained in his report of April 23, 2006.

V.    Conclusion.

**IT IS THEREBY ORDERED AS FOLLOWS:**

A.    Defendants' Motion to Strike Mike Jepsen, PhD, is denied.

3

B. Dr. Jepsen shall identify specifically those medical records he relied upon in arriving at his opinions. That identification shall be signed by Dr. Jepsen, and shall be provided to Defendants no later than July 14, 2006.

C. The opinions Dr. Jepsen will be permitted to express at trial will be limited to those contained in his report of April 23, 2006.

D. Defendants shall have until July 28, 2006 to identify an expert on issues related to PTSD, and provide a disclosure report pursuant to F.R.Civ.P. 26(a)(2)(B).

E. Should the parties require an extension of the discovery deadline solely for the purpose of deposing experts identified on issues related to PTSD, they shall file an appropriate Motion with the court.

**IT IS SO ORDERED**.

_____
Richard L. Puglisi
United States Magistrate Judge