IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ROGER PIPKINS,**

    **Plaintiff,**

vs.                                        CIV No. 05-1200 WPL/RLP

**TA OPERATING CORPORATION and
TRAVELCENTERS of AMERICA, Inc., jointly,
d/b/a/ TA TRAVELCENTERS of AMERICA,**

    **Defendants.**

**Memorandum Opinion and Order
Granting Defendants' Motion for Examination pursuant to F.R.Civ.P. 35
and
Granting in Part and Denying in Part
<u>Plaintiff's Motion to Place Conditions on Examination.</u>**

       This matter comes before the court on Defendants' Motion to Compel Plaintiff to submit to a Rule 35 Examination, and to Extend the Deadline to Disclose Rebuttal Expert Report. [Docket No. 44], and on Plaintiff's Alternative Motion to Place Condition on Rule 35 Exam [Docket No. 47].

       Rule 35(a) F.R.Civ.P. provides in material part:

       (a) **Order for Examination**. When the mental . . . condition . . . of a party. . . is in controversy, the court in which the action is pending may order the party to submit to . . . mental examination by a suitably licensed or certified examiner . . . The order may be made only on motion for good cause shown and upon notice to the person to be examined and shall specify the time, place, manner, condition and scope of the examination and the person . . . by whom it is to be made.

       Defendants correctly point out that Plaintiff has placed his mental condition at issue by alleging that the fall he suffered at Defendants' service center aggravated his pre-existing Post Traumatic Stress Disorder.[1] This allegation also satisfies the good cause requirement of Rule 35.

---

    [1]Complaint, Docket No.1, ¶ 9 and Plaintiff's Contentions, IPTR, Docket No. 21. In his Response Brief, Plaintiff contends that his expert witness will not testify that Plaintiff's PTSD has been aggravated, rather, that due to his history of PTSD, Plaintiff "is likely to respond with greater impairment to the

*Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964); *Greenhorn v. Marriott Intern.*, Inc., 216 F.R.D. 649, 650-651 (D.Kan. 2003). The uncontroverted evidence before the court is that the examiner proposed by Defendants, Patricia Rose, PhD., is suitably licensed and certified.

Plaintiff asks the court to place the following specific limits on any examination that may be ordered.

1.  <u>Whether the examination by Dr. Rose should be limited to 1 ½ hours</u>.

The court has broad authority under Federal Rule of Civil Procedure 26(c) to limit or otherwise control discovery, including psychological examinations authorized pursuant to Rule 35. Plaintiff offers no basis for his request that the examination be limited to 1½ hours, other than his statement a longer period is unnecessary and excessive. The court declines to impose a 1 ½ hour time limitation on Plaintiff's examination. The court is not qualified, by training or experience, to second-guess the professional judgment of Dr. Rose, as to the amount of time necessary to conduct a psychological examination. [See Ex. G to Docket No. 44]. *Simpson v. University of Colorado*, 220 F.R.D. 354, 363 (D. Colo. 2004); *Greenhorn v. Marriott Intern.*, Inc., 216 F.R.D. at 653.

2.  <u>Whether the interview and examination conducted by Dr. Rose should be tape recorded.</u>

Rule 35 does not address whether recording of an examination is permitted. Whether to do so under the court's authority under Rule 26(c) depends of the facts of each individual case. The party seeking the presence of a recording device has the burden of convincing the court that such a procedure is necessary. There is no presumption either way. *Galieti v. State Farm Mut. Auto. Ins. Co*, 154 F.R.D. 262, 265 (D. Colo. 1994). Plaintiff has not carried his burden. He offers no reason

---

stressor of his injury than someone who is 'normally constituted' and without pre-existing mental disability." Docket No. 46. The court finds this to be a distinction without substance. However phrased, Plaintiff has alleged damage to his mental condition, placing that condition at issue.

why recording the examination by Dr. Rose is necessary. There is no evidence that Dr. Rose will improperly question Plaintiff. In the absence of such evidence the court declines to require recording of the examination. *Hertenstein v. Kimberly Home Health Care, Inc*., 189 F.R.D. 620, 631 (D. Kan. 1999).

3. <u>Whether the testing and examination by Dr. Rose should be limited to rebutting a specific opinion offered by Plaintiff's expert.</u>

Plaintiff states that his expert's opinion can be capsulized as "Because [Plaintiff] has a long history of PTSD, he is likely to respond with greater impairment to the stressor of his injury than someone who is 'normally constituted' and without pre-existing mental disability." He seeks to limit Dr. Rose's testing and examination to address this issue. The court will not pre-determine the scope of the testing or examination to be conducted by Dr. Rose. *Simpson v. University of Colorado*, 220 F.R.D. at 363.

4. *<u>Whether all notes, testing results and reports from the exam be provided to Plaintiff's counsel as soon as the exam is complete, and that if Defendant objects to providing raw test data to Plaintiff's counsel, whether such data be provided instead to Plaintiff's expert.</u>*

Under Rule 35(b)(1), Defendants are required to submit to the plaintiff a "detailed written report of the examiner setting out the examiner's findings, including results of all tests made, diagnoses and conclusions . . ." However, the Court recognizes that Dr. Rose will not be able provide her report the moment her examination of Plaintiff is complete. To do so would indicate that it had been prepared prior to testing and interview. Pursuant to Rule 26(a)(2)(B), Defendants are required to disclose the raw data from any testing conducted if they intend to call Dr. Rose as a witness at trial, since the data forms part of the basis for her expert testimony. Plaintiff is willing to have all raw data produced to his expert, Dr. Jepsen, rather than to his counsel.

Dr. Rose shall provide all raw data used in the testing and interview of Plaintiff to Plaintiff's expert, Dr. Mick Jepsen, within 3 days of the completion of her testing and interview of Plaintiff. Plaintiff will provide the current address for Dr. Jepson to Dr. Rose for this purpose. Defendants will provide Dr. Rose's expert witness report to Plaintiff's counsel within two weeks following the conclusion of the examination of testing.

Pre-trial conference is this matter is scheduled for November 22, 2006, with non-jury trial scheduled for December 11, 2006. [Docket No. 19]. This Order contemplates that the examination and testing by Dr. Rose will be done so as not to interfere with these deadlines. If the examination and testing by Dr. Rose can not be completed prior September 8, 2006, the parties will so advise the court in writing.

**IT IS SO ORDERED**.

Richard L. Puglisi
United States Magistrate Judge