IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ROGER PIPKINS,**

      **Plaintiff,**

vs.                                                     CIV No. 05-1200 WPL/RLP

**TA Operating Corporation and
TravelCenters of America, Inc., jointly
d/b/a/ TA TravelCenters of America,**

      **Defendants.**

### MEMORANDUM OPINION AND ORDER
### DENYING PLAINTIFF'S MOTION
### TO FILE DISCOVERY MOTIONS OUT OF TIME

Plaintiff alleges injuries from a slip and fall. The instant Motion seeks to reopen discovery in two respects: First, to permit Plaintiff's safety expert to test the paint involved in the painting of the ramp on which Plaintiff fell, and to take measurements and additional photographs of the ramp; Second, to require Defendants to produce unredacted documents which were previously produced in redacted form.

Plaintiff's safety expert viewed the accident scene on September 23, 2005, and prepared a report dated March 20, 2006, outlining his opinions. [Docket No. 72, Ex. A]. The report states that he did not take measurements or pictures. *Id.* Plaintiff's safety expert was initially deposed on May 2, 2006. During his deposition he gave opinions related to the slope of the ramp. [Docket No 72, Ex. B]. These opinions were not contained in his expert witness report. On May 5, 2006, counsel for Plaintiff sought permission from Defendants for his expert to revisit the ramp.[1] Counsel for Defendants responded on May 23, 2006, stating Defendants' position with regard to this request.

---

[1] Plaintiff contends permission was denied. Defendants contend reasonable restrictions were placed on Plaintiff's request.

[Docket No. 72, Ex. H]. The expert's deposition was concluded on July 31, 2006. [Docket No. 72, Ex. I]. No motion was filed between the start and completion of the expert's deposition seeking an order permitting the additional testing and site evaluation which is the subject of the instant Motion.

Plaintiff argues that his request to reopen discovery is justified by the production of photographs of ramps at other locations produced by Defendants after the discovery deadlines, and designated as a supplement to Defendants' initial disclosures. Plaintiff has not filed a motion *in limine* to exclude these photographs. Whether they will be offered at trial and for what purpose is not known at this time. Whether they will be admitted at trial will be decided by Judge Lynch. They are however, not relevant to the issue of whether the discovery sought by Plaintiff should be allowed.

Discovery in the case is governed by a Rule 16 Scheduling Order, as modified by further Order of this court. These Orders required that the expert witness report of Plaintiff's safety expert be provided to Defendants on March 21, 2006, that discovery terminate on July 31, 2006 and that Motions related to discovery be filed no later than August 9, 2006. [Docket No.21 & 28].

Under Rule 16(b), a deadline established in a scheduling order may be extended only "upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." To show "good cause," the party seeking to extend the deadline must establish that the deadlines set in the scheduling order could not have been met with diligence. *Denmon v. Runyon*, 151 F.R.D. 404, 407 (D.Kan.1993); *Pumpco, Inc. v. Schenker Intern., Inc.*, 204 F.R.D. 667, 668-69 (D.Colo.2001). "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id*. (quotation omitted); *Hannah v. Roadway Exp., Inc*., 200 F.R.D. 651, 653 (D.Colo.2001). Plaintiff has made no showing that would tend to establish that the additional discovery he seeks could not have been obtained within the Rule 16 deadlines had he proceeded with

a modicum of diligence.  To the extent his motion can be read as a Motion to Compel Production of Documents, he has utterly failed to comply with the Rule 16 deadlines established for Motions related to Discovery or with D.N.M. LR-Civ. 26.6.

Whether to extend or reopen discovery is committed to the sound discretion of the trial court. *Smith v. United States*, 834 F.2d 166, 169 (10th Cir.1987).  Utilizing the factors set out in *Smith*, I find that discovery should not be reopened.  Trial in this case is set for December 11, 2006. [Docket No. 19].  Defendants oppose Plaintiff's request to reopen discovery.  Defendants would be prejudiced by reopening discovery to the extent a third deposition of Plaintiff's expert would be required.  Plaintiff has not been diligent in obtaining the discovery he now seeks: Plaintiff has been aware at least since March that his expert had not performed the testing he now seeks, and has known since May that Defendants objected to providing unredacted investigation reports.  The need for the discovery now sought was foreseeable.  Although this discovery might lead to relevant evidence, no colorable justification for the delay has been offered.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to File Discovery Motions Related to Ramp Out of Time [Docket No. 61] is denied.

                                              **Richard L. Puglisi**
                                              **United States Magistrate Judge**