IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROGER PIPKINS,

      Plaintiff,

v.                                                CV 05-1200 WPL/RLP

TA OPERATING CORPORATION AND
TRAVEL CENTERS OF AMERICA, INC.
jointly, d/b/a TA TRAVEL CENTERS OF AMERICA,

      Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR EXTENSION OF TIME AND
GRANTING MOTION FOR SUMMARY JUDGMENT ON
AGGRAVATION OF PRE-EXISTING MEDICAL CONDITIONS**

Defendants filed a motion for summary judgment on Plaintiff's claim that his pre-existing medical conditions of post-traumatic stress disorder (PTSD) and chronic obstructive pulmonary disease (COPD) were aggravated by the fall that occurred on June 6, 2005 at Defendants' gas station. (Doc. 65.) Plaintiff filed a response to Defendants' motion for summary judgment, and also filed a motion to extend until October 12, 2006 the time within which he could supplement his response to Defendants' motion. (Doc. 70 and 71.) Because Plaintiff did not file a supplement to his response, I will deny as moot Plaintiff's motion for extension of time.

There is no medical testimony to support Plaintiff's claims that his PTSD and COPD conditions were aggravated by his fall. Although Mick Jepsen, Ph.D. testified that "it would not be inconsistent for [Plaintiff's] PTSD symptoms to be aggravated" by the fall, he specifically testified that he was not stating the Plaintiff's PTSD symptoms were aggravated by the fall. This testimony

does not establish a causal connection between the fall and the aggravation to a reasonable degree of medical probability. *See Alberts v. Schultz*, 975 P.2d 1279, 1286 (N.M. 1999) ("In order to dispel the potential for any confusion, we emphasize that the standard in New Mexico is proof to a reasonable degree of medical probability."); *Simmons v. Lollar*, 304 F.2d 774, 778 (10th Cir. 1962); *Bearman v. Prudential Ins. Co. of America*, 186 F.2d 662, 665 (10th Cir. 1951). Although Plaintiff anticipated that Dr. Liberto, his psychiatrist, would provide a medical opinion on this issue, he has not done so.

Plaintiff admits that he does not have medical evidence to support the claim that his COPD was aggravated by the fall, but wants to offer his own testimony on this issue. Lay testimony will not establish a causal connection between the fall and the aggravation. *See Bearman*, 186 F.2d at 665. Defendants are entitled to summary judgment on Plaintiff's claims that his PTSD and COPD were aggravated by the fall.

It is so ordered.

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.