# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ROGER PIPKINS,

      Plaintiff,

v.                                      CV 05-1200 WPL/RLP

TA OPERATING CORPORATION AND
TRAVEL CENTERS OF AMERICA, INC.
jointly, d/b/a TA TRAVEL CENTERS OF AMERICA,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO FILE DISCOVERY
## MOTIONS RELATED TO RAMP OUT OF TIME

On September 18, 2006 Plaintiff filed a Motion to be permitted to file "out of time" discovery motions related to the ramp where he fell. (Doc. 61.) Plaintiff wishes to re-open discovery to allow Brock Carter, his liability expert, to test the paint on the ramp and take measurements and additional photographs of the ramp. Plaintiff also seeks to compel Defendants to produce unredacted documents relating to the ramp, which Defendants had previously produced in a redacted format. As can be expected, Defendants oppose this Motion. (Doc. 72.)

Trial in this case begins December 11, 2006. Under the discovery deadlines, Carter's expert report was due on March 21, 2006, discovery terminated on July 31, 2006, and the deadline for discovery motions was August 9, 2006. (Doc. 21; Doc. 28.) Defendants produced the redacted documents to Plaintiff on March 1, 2006. Plaintiff never filed a motion to compel production of unredacted documents. In addition, on May 10 and May 23, 2006 Defendants refused to provide the unredacted copies of documents that Plaintiff requested and refused Plaintiff's request to allow Carter

to return to the scene to conduct an additional investigation.

Plaintiff alleges that, after the close of discovery, Defendants produced photographs of painted ramps at other locations, but he fails to explain how production of these photographs justifies the relief he requests. Carter should have completed his investigation into the safety of the ramp prior to the deadline for issuing his report. Plaintiff has failed to give any reason why he did not promptly move for production of unredacted copies of the documents or to allow Carter access to the scene. Thus, Plaintiff has failed to demonstrate good cause to modify the discovery deadlines established in this case. See D.N.M.LR-Civ. 16.1.

Courts should consider a variety of factors when deciding whether to extend or reopen discovery, and that decision is committed to the sound discretion of the trial court. *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). In this case, the important factors are that Plaintiff was not diligent in obtaining discovery within the discovery deadlines, the Defendants will be prejudiced if discovery is reopened, and the imminence of the trial date precludes granting the relief requested by Plaintiff. Therefore, Plaintiff's Motion to file discovery motions out of time and re-open discovery is denied.

It is so ordered.

WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.